**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re<br><br>TEXAS RANGERS BASEBALL PARTNERS,<br><br>　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11 Case<br><br>Case No. 10-43400 (DML) |
| RANGERS BASEBALL EXPRESS LLC,<br><br>Plaintiff,<br><br>　　　　-against-<br><br>TEXAS RANGERS BASEBALL PARTNERS,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Case No. 10-04121-dml<br><br>**TEMPORARY RESTRAINING ORDER** |

**TEMPORARY RESTRAINING ORDER**

Upon the Emergency Motion for a Preliminary Injunction and a Temporary Restraining Order dated July 12, 2010 (the "Motion"), of Plaintiff, Rangers Baseball Express LLC ("RBE" or "Plaintiff"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking a preliminary injunction and a temporary restraining order against Defendant Texas Rangers Baseball Partners ("TRBP," or the "Debtor") that (A) prohibits the continuing breach of the Asset Purchase Agreement between TRBP and RBE dated as of May 23, 2010 (the "APA") by (i) the Debtor and/or its Affiliates[1] soliciting or negotiating with prospective bidders other than Plaintiff regarding the acquisition of the Purchased Assets in contravention of Section 7.16 of the APA, (ii) the Debtor failing to use commercially reasonable efforts to take all actions necessary or appropriate to consummate the transactions contemplated by the APA as required by section 7.5 of the APA and (iii) the Debtor failing to file only pleadings that are consistent, and oppose any filing that is inconsistent, with the terms of the APA and provide Plaintiff with an opportunity to review and comment on any proposed filings in this Bankruptcy Case as required by section 7.22 of the APA; and (B) directs the Debtor to comply with its ongoing obligations under the APA, including those set forth in sections 7.5, 7.16 and 7.22 of the APA; and the Court having reviewed and considered (a) the Verified Complaint dated July 12, 2010 (the "Complaint") and (b) the Motion; and it appearing that the Court has jurisdiction over this matter; the Court finds as follows:

    1.    In the absence of injunctive relief, there is a risk that the Debtor and its Affiliates will continue to violate the APA.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the APA.

   2. The Debtor and its Affiliates' violations of the APA, including their solicitation and negotiation with prospective bidders other than RBE regarding the acquisition of the Purchased Assets, jeopardizes the transactions contemplated by the APA and represents an immediate and irreparable harm to RBE.

   3. Weighing the equities and considering the likelihood of success, a temporary restraining order is in the public interest.

   4. No security is required for the issuance of the restraining order.

 Therefore, the Court, after due deliberation having found sufficient cause therefor, **ORDERS, ADJUDGES AND DECREES** as follows:

   1. The Debtor and its Affiliates are hereby temporarily restrained and enjoined from soliciting or negotiating with any prospective bidders other than Plaintiff regarding the acquisition of the Purchased Assets as proscribed by section 7.16 of the APA.

   2. The Debtor shall use commercially reasonable efforts to take all actions necessary and appropriate to consummate the transactions contemplated by the APA as required by section 7.5 of the APA.

   3. The Debtor shall only file pleadings in the Bankruptcy Case that are consistent, and shall oppose any filing that is inconsistent, with the terms of the APA and shall provide Plaintiff with an opportunity to review and comment on any proposed filings in this Bankruptcy Case as required by section 7.22 of the APA.

   6. This Temporary Restraining Order shall expire by its terms at midnight on July [23], 2010, unless further extended by order of the Court.

   7. The Debtor is directed to file any papers in opposition to the Motion with this Court (with a copy to chambers) and to serve on counsel for the Plaintiffs, White & Case

LLP, 633 West Fifth Street, Suite 1900, Los Angeles, California 90071, Attn: Craig Averch,

Esq., so as to be received on or before __ .m. (EST) on July [ ], 2010.

        8.        A hearing on the request for preliminary injunctive relief will be held on July 23, 2010 at __: 00 _.m.

        9.        Plaintiff shall serve a copy of this Order upon the Debtor by first class mail, postage, prepaid, no later than July [ ], 2010.

### End of Order ###